# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2015

Lyle W. Cayce
Clerk

No. 14-10485
Summary Calendar

MARC DEWAYNE HOWELL,

Plaintiff-Appellant

v.

COLLIN COUNTY DETENTION FACILITY; TEXAS DEPARTMENT OF
CRIMINAL JUSTICE; BATEN INTERMEDIATE SANCTION FACILITY;
FORT WORTH TRANSITIONAL CENTERS; TARRANT COUNTY JAIL,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-658

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Marc DeWayne Howell, a former Texas prisoner, filed in the district
court a pro se 42 U.S.C. § 1983 civil rights complaint asserting wrongful
imprisonment, harassment, and medical malpractice.  He named as
defendants Collin County Detention Facility, the Texas Department of
Criminal Justice, Baten Intermediate Sanction Facility, Fort Worth

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-10485

Transitional Centers, and Tarrant County Jail. The district court dismissed a portion of Howell's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and for failure to state a claim. The district court dismissed the remaining portion of Howell's complaint due to his failure to timely effect service of process under Federal Rule of Civil Procedure 4(m). The district court also denied as futile Howell's motions to amend his complaint. Howell timely appealed the district court's order dismissing his § 1983 complaint and denying his motions to amend.

Although Howell arguably identifies his § 1983 claims before this court, he fails to challenge the district court's reasons for granting the defendants' motion to dismiss his § 1983 complaint for failure to state a claim and for lack of subject matter jurisdiction. Nor does he address or otherwise challenge the district court's dismissal for failure to timely effect service of process, or the district court's denial of his motions to amend. When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Howell has abandoned any challenge to the district court's determination that his § 1983 action should be dismissed for failure to state a claim, for lack of subject matter jurisdiction, and for failure to timely effect service of process. *See Brinkmann*, 813 F.2d at 748. The district court's judgment is AFFIRMED. Additionally, Howell's motions to amend his complaint on appeal and his motion to amend the amount of relief are DENIED as unnecessary. His motion for oral argument is DENIED as moot.